UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEW YORK PACKAGING II, LLC,

                            Plaintiff,

            -against-

SFM LLC *doing business as* Sprouts Farmer's Market,

                          Defendant.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 20-304 (JMA) (ARL)

**LINDSAY, Magistrate Judge:**

      The plaintiff, New York Packaging II, LLC ("NY Packaging"), commenced this action against SFM LLC doing business as Sprouts Farmer's Market ("SFM") for breach of contract. Currently before the Court, on referral from District Judge Azrack, is SFM's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). For the reasons set forth below, the undersigned respectfully recommends that the defendant's motion to dismiss be granted.

## BACKGROUND

### A. Factual Averments

      NY Packaging is New York limited liability company that manufactures, among other things, plastic bags. Compl. ¶¶ 1, 4. SFM is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Arizona. *Id.* ¶ 2; Frumkin Aff. ¶ 3. SFM is a wholly owned subsidiary of Sprouts Farmers Markets Holdings, LLC ("SFMH"), which is also a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Arizona. Frumkin Aff. ¶ 4. SFMH is a wholly owned subsidiary of Sprouts Farmers Market, Inc. ("Sprouts"), which is a publicly traded company organized and existing under the laws of

the State of Delaware with its principal place of business in Arizona. *Id.* ¶ 5. Sprouts operates approximately 340 retail stores in the Southwest and South of the United States. *Id.* ¶ 6.

According to the complaint, in or around October 2016, SFM contracted with NY Packaging for the manufacture of plastic bags for use and resale to SFM's customers. Compl. ¶ 4. The bags were manufactured in China. *Id.* In order to meet the SFM's demands on short notice, NY Packaging claims that it had to manufacture enough bags so that there would be ample inventory. *Id.* ¶ 5. NY Packaging further alleges that the bags it manufactured met SFM's contractual requirements and were free of any defects. *Id.* ¶ 6. At some point, in 2019, NY Packaging notified its distributors not to take bags from the inventory being held for SFM. *Id.* ¶ 7. However, SFM refused to pay for those bags. *Id.* ¶ 8. As a result, NY Packaging claims to have suffered damages in excess of $100,000.00 since certain bags shipped and were not paid for and the bags held in inventory, which SFM refused to take, could not be sold to anyone else. *Id.* ¶ 9.

**B.     Procedural History**

On December 20, 2019, NY Packaging instituted this action by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Nassau, under Index. No. 617784/2019. According to the Affidavit of Service, on December 24, 2019, SFM was served by personal service on the New York State Secretary of State pursuant to Section 303 of the Limited Liability Company Law. The case was removed to this Court on January 17, 2020.

On February 4, 2020, SFM moved to dismiss the case for lack of jurisdiction, but that motion was denied because it had been filed before SFM had requested a pre-motion conference. Accordingly, on February 10, 2020, SFM filed a pre-motion conference letter and a conference

was held before Judge Azrack on February 28, 2020. A further conference was held on March 6, 2020, at which time the parties were given a briefing schedule for the instant motion. On May 20, 2020, SFM filed the fully briefed motion with the Court, which was subsequently referred to the undersigned on December 11, 2020.

## DISCUSSION

### A.  Standard of Review

Rule 12(b)(2) authorizes a party to seek dismissal on the ground that the Court lacks personal jurisdiction over it. *See Eyeking, LLC v. JSS, LLC*, 321 F. Supp. 3d 326, 329 (E.D.N.Y. 2018). In such cases, "'[t]he plaintiff bears the burden of demonstrating personal jurisdiction over the person or entity being sued.'" *Out of Blue Wholesale, LLC v. Pac. Am. Fish Co. Inc.*, No. 19-CV-0254, 2019 WL 3997393, *3 (E.D.N.Y. Aug. 23, 2019) (quoting *State of N.Y. v. Mountain Tobacco Co.*, No. 12-CV-6276, 2016 WL 324970, at *4 (E.D.N.Y. Jan. 26, 2016)). However, "[w]here, as here, a district court in adjudicating a [Rule 12(b)(2)] motion . . . 'relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, [the plaintiff] need only make a *prima facie* showing of personal jurisdiction.'" *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (quoting *Porina v. Moward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). In addition, materials presented by the plaintiff should be construed in the light most favorable to the plaintiff and all doubts resolved in its favor. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

Moreover, where a case has been brought in federal court based on the diversity of the parties, the law of the forum in which the court sits is determinative. *See Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir. 1998) (declaring that a federal court's personal jurisdiction over a non-resident defendant is governed by the law of the forum state, subject to certain

3

constitutional limitations of due process). Accordingly, in order to establish personal jurisdiction over a defendant in New York, a plaintiff must present evidence to satisfy three elements: "(1) procedurally proper service of process on the defendant; (2) a statutory basis for personal jurisdiction; and (3) the exercise of jurisdiction . . . consistent with constitutional due process principles." *Roxx Allison Ltd. v. Jewelers Inc*., 385 F. Supp. 3d 377, 380 (S.D.N.Y 2019) (quoting *Quinio v. Aala*, 344 F. Supp. 3d 464, 479–80 (E.D.N.Y. 2018). Upon receipt of such evidence, the Court must then determine whether personal jurisdiction lies pursuant to New York's long-arm statute, CPLR §§ 301 and 302(a)." *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 507 (E.D.N.Y. 2011)(citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. BP Amoco P.L.C.*, 319 F. Supp. 2d 352, 357 (S.D.N.Y.2004). Specifically, for jurisdiction to lie, the Court must find that the defendant was "present" and "doing business" in New York within the meaning of CPLR § 301 or that the defendant committed acts within the scope of New York's long-arm statute, CPLR § 302." *Zibiz Corp. v. FCN Tech. Sols*., 777 F. Supp. 2d 408, 416 (E.D.N.Y. 2011) (citing *Schultz v. Safra Nat. Bank of New York*, 377 Fed. Appx. 101, 102 (2d Cir.2010) (summary order)). If the Court determines that jurisdiction lies, the Court must then analyze whether personal jurisdiction comports with the basic requirements of due process. *Id.* With these principles in mind, the Court turns to SFM's arguments.

      **B.**     **Jurisdiction under CPLR § 301**

Under § 301, a court may exercise jurisdiction on any cause of action, if the defendant is "engaged in such a continuous and systematic course of 'doing business' [so as] to warrant a finding of its 'presence' in this jurisdiction." *Id.* (citing *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990)). In other words, a defendant is considered to be "doing business" and "present" in New York, if it does business in New York

4

"not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (citing *Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 95 (2d Cir. 2000)). As such, "[f]actors to be considered in determining whether personal jurisdiction lies under section 301 include: (1) whether the defendant maintains an office in New York; (2) whether the defendant has any bank accounts or other property within the state; (3) whether the defendant has a telephone listing in the state; (4) whether the defendant does public relations work or solicits business within the state; and (5) whether the defendant has employees or agents located within the state." *Id.*

According to the affidavit submitted in this case by Theodore Frumkin, Chief Development Officer for Sprouts, neither Sprouts nor SFM operate or maintain retail stores in New York. Frumkin Aff. ¶¶ 6-7. In addition, neither Sprouts nor any of its subsidiaries supplies any goods or services in New York, sells any products in New York, has a bank account in New York or avails itself of the New York Courts *Id.* ¶¶ 9-11. Moreover, contrary to the plaintiff's allegation in the complaint, SFM alleges that it never entered into a written contract with NY Packaging. *Id.* ¶ 14. Rather, SFM asserts that its orders were all placed through purchase orders after it conducted a "reverse bid for manufacturers." *Id.*

Indeed, SFM avers that at no point did any individual for Sprouts enter New York to discuss the product, the RFP process, the bidding process or the procurement of the bags. *Id.* ¶ 21. To this end, Frumkin states that Sprouts exclusively communicated by email or telephone through its Procurement Department to discuss the RFP process, ordering and distribution of the bags purchased from the plaintiff. *Id.* ¶¶ 22, 24-6. The Sprouts Procurement Department is located in Phoenix, Arizona. *Id.* ¶ 23. Finally, Frumkin explains that, in 2018, Sprouts conducted a new reverse auction for bag suppliers and, after reviewing bids, awarded the business to another supplier. *Id.* ¶¶ 28-30.

NY Packaging does not dispute the additional facts supplied by SFM concerning their lack of a continuous presence in New York. Indeed, NY Packaging's opposition papers do not address § 301. Accordingly, the Court finds that SFM did not engage in a continuous and systematic course of doing business such that it would be reasonable to require it to defend this action based on § 301.

### C. Jurisdiction under CPLR § 302

Section 302 of New York's long-arm statute provides:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
>> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>>
>> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>>
>> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>>
>>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>>
>>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>>
>> 4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR § 302(a) (McKinney 2010). NY Packaging argues that although its interaction with SFM primarily occurred by telephone or email, SFM, nonetheless, "transacted business" in New York within the meaning of the statute. Indeed, NY Packaging contends that SFM purposefully availed itself of the privilege of conducting business in New York by virtue of its relationship

6

with NY Packaging for over two years, during which time it purchased over two million dollars of goods.  The Court disagrees.

"To determine whether a party in a contract action has "transacted business" within the meaning of Section 302(a)(1), courts focus primarily on the following factors:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [the defendant] to send notices and payments into the forum state or subjects them to supervision by [a] corporation in the forum state.

*Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 509 (E.D.N.Y. 2011) (citing *Sunward Elec., Inc. v. McDonald,* 362 F.3d 17, 22–23 (2d Cir.2004).  Courts also consider whether the contract is to be performed in New York.  *Id.* (citing *Cooper, Robertson & Partners, L.L.P. v. Vail*, 143 F.Supp.2d 367, 371 (S.D.N.Y.2001) ("the place of performance is more critical than the place of the execution of a contract").  However," no single factor is dispositive." *Id.*  Indeed, courts determine whether personal jurisdiction exists based upon the totality of the circumstances.

As to the first factor, that being, whether the defendant had an on-going contractual relationship with NY Packaging, it is undisputed that SFM accepted NY Packaging's bid to manufacture bags for half its stores in 2016 and continued to purchase bags from the plaintiff until 2018.  Although the parties disagree regarding the existence of an actual contract, "where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001).  Accordingly, this factor weighs in the plaintiff's favor.

However, the balance of the factors weigh against a finding of jurisdiction over SFM.  As stated above, the "contract" referred to in the complaint was, in fact, a bid award following the

defendant's reverse bid for manufacturers of plastic bags. Indeed, as stated above, none of SFM's employees or representatives stepped foot in New York to negotiate or finalize the agreement. Frumkin Aff. ¶ 18. To the contrary, following the request for bids, SFM purchased bags on a purchase order basis. While the Court recognizes that the defendant's physical presence in New York is not always dispositive in determinations of jurisdiction under CPLR § 302(a)(1)," *see Palace Expl. Co. v. Petroleum Dev. Co.*, 41 F. Supp. 2d 427, 432–33 (S.D.N.Y. 1998), "courts seem generally loath to uphold jurisdiction under the 'transaction in New York' prong of CPLR 302 if the contract at issue was negotiated solely by mail, telephone, and fax without any New York presence by the defendant." *C.B.C. Wood Prod., Inc. v. LMD Integrated Logistics Servs., Inc.*, 455 F. Supp. 2d 218, 225 (E.D.N.Y. 2006) (citing *Worldwide Futgol Assoc., Inc. v. Event Entm't, Inc.,* 983 F. Supp. 173, 177 (E.D.N.Y. 1997). Moreover, New York courts have repeatedly expressed the rule that solicitation alone is not enough to acquire jurisdiction over a non-domiciliary defendant. *Tech. Prod. Int'l, Inc. v. Integrated Electronics Inc.*, No. 85 CIV. 2111 (PKL), 1986 WL 2413, at *1 (S.D.N.Y. Feb. 19, 1986). "Typically, there must exist an additional jurisdictional contact with the forum, such as shipment of goods into the jurisdiction, or the presence of defendant or its agents in the jurisdiction, in order to allow the court to find that a defendant availed itself of the benefits of the forum. *Id.*; *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir.1983) ("New York courts have consistently refused to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York"). None of these additional contacts exist in this case. Indeed, the plastic bags were manufactured in China and shipped to SFM's distributors in states other than New York.

    Moreover, there is nothing in the complaint or the parties' submission to suggest that

the parties agreed to resolve any disputes in New York or under New York law.  Nor is there any information as to where notices or payment were sent although the Court can presume that, minimally, the plaintiff was paid in New York.  In sum, the only evidence that the plaintiff has proffered to support jurisdiction is that SFM had an ongoing "contractual" relationship with it. This factor alone is insufficient to establish personal jurisdiction.  *See Wickers Sportswear, Inc. v. Gentry Mills, Inc.,* 411 F. Supp. 2d 202, 209 (E.D.N.Y. 2006)(finding no basis for personal jurisdiction notwithstanding the fact that defendant had an on-going contractual relationship with a New York corporation, and thus, plaintiff had satisfied the first factor).[1]  Accordingly, the Court respectfully recommends that SFM's motion be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days.  Failure to file objections within this period waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
       March 1, 2021

                                                             /s/
                                           ARLENE R. LINDSAY
                                           United States Magistrate Judge

---

[1] Because the relevant long-arm statutes of New York provide no grounds for jurisdiction over SFM, the Court need not proceed to a consideration of SFM's due process rights.